UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
      :
JEFFREY BOCKIAN,      :
      :
    Plaintiff,      :
      :    **STIPULATION AND ORDER**
   - against -      :    **CONCERNING THE**
      :    **DESIGNATION AND USE OF**
BANK OF NEW YORK MELLON CORP.,      :    **CONFIDENTIAL MATERIALS**
      :
    Defendant.      :    Case No. 1:24-cv-08500-PAE
      :
      :
      :
      :
---------------------------------------------------------------- X

    WHEREAS the Parties in this matter are engaged in discovery and anticipate exchanging documents, testimony, and information that may be confidential;

    WHEREAS the Parties agree that a protective order is necessary to assure appropriate protection of privacy interests and other legitimate interests in confidentiality;

    WHEREAS the Parties agree to the terms of this Order ("Protective Order") to protect their confidential documents, things, and information;

    WHEREAS this Protective Order does not operate to mandate disclosure of any particular information and does not work to waive any objections any Party may have to the production of any particular information in response to a demand in this litigation; and

    WHEREAS good cause exists for the entry of this Protective Order,

    NOW THEREFORE, it is hereby stipulated and ordered, pursuant to Fed. R. Civ. P. 26(c), as follows:

1. This Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action by any party or non-party, including but not limited to information produced or disclosed:

   (a) In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other written, electronic, recorded, or graphic material;

   (b) In testimony given in a deposition, and any copies, or summaries of such information; or

   (c) Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2. The person producing any given "Confidential Material" may designate as "Confidential" information and materials that contain non-public business, commercial, financial, personnel, medical, psychological, psychiatric or personal information, the public disclosure of which is either restricted by law or which, in the good faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law, including but not limited to:

   (a) All documents and information containing personal health information of any party or non-party, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or non-party pursuant to any Authorization to Release Medical Records executed by Plaintiff in this action;

   (b) Documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and

administrative files and other personnel information prepared or maintained by Bank of New York Mellon Corp. ("BNY" or the "Bank"), including but not limited to documents reflecting the salary, personal health information, age, race, national origin, sexual orientation or gender of any personnel at BNY;

(c) All other documents and information of a non-public, proprietary, personal, or private nature, including, but not limited to, documents and information regarding BNY's clients;

(d) Any documents and information which counsel for all parties agree should be considered Confidential Material; and

(e) Testimony about the documents and information covered by Paragraph 2(a)-(d).

(f) Any summary, compilation, notes, copy, electronic images, or database containing Confidential Material and/or information designated as "Confidential" shall be subject to the terms of this Protective Order to the same extent as the Confidential Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

3. The parties agree to keep any dates of birth and social security numbers as Confidential Material. The parties agree not to file or publicly disclose any documents containing a date of birth or social security number unless the date(s) of birth or social security number(s) is redacted in the document. Notwithstanding the foregoing, documents containing dates of birth may be filed or publicly disclosed if the month and day of the date of birth are redacted; the year of birth need not be redacted prior to filing or public disclosure.

4. Any party producing Confidential Material described in Paragraph 2 of this Protective Order (the "Producing Party") may designate such materials as Confidential Material

by marking the document with the words "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or with a similar legend. Where such marking of each piece of such materials is impossible or impractical (such as productions of groups of documents in native form), the Producing Party shall designate in writing that information or material it regards as containing or constituting Confidential Material at the time of its production. In the case of any electronic data, electronic documents, audio recording, or video recording (whether analog or digital) that cannot be designated "Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the electronic files or physical copies with the appropriate designation. So-marked documents and the information contained therein shall not be disclosed to anyone by the party receiving the Confidential Material (the "Receiving Party"), except as provided in this Protective Order.

5. In the event the Receiving Party disputes the Producing Party's confidentiality designation, the Receiving Party shall notify the Producing Party of the dispute in writing and identify with specificity the document, testimony, information or portion thereof believed to have been incorrectly designated. The Parties shall meet and confer to determine whether the restrictions imposed by this Stipulation are warranted with respect to such designation. If resolution of the dispute cannot be reached, and within 30 days of the meet and confer, either the Producing Party or the Receiving Party may apply to the Court for an appropriate determination. Documents, information, or testimony designated as confidential shall remain as such during the pendency of such dispute or application, and until the Court may rule otherwise.

6. Any party, through its counsel, may designate as Confidential Material any deposition testimony that the attorney believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by notice within

30 days from the receipt of the final (i.e., not "draft" or "rough") transcript. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all parties in possession of the deposition transcript shall be required to mark the designated pages accordingly on all copies of the transcript and treat those pages of the transcript appropriately. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a legend of "CONFIDENTIAL" to pages that contain testimony designated as such. All transcripts shall be treated as "CONFIDENTIAL" until the time to designate has expired.

7. In the event that any party obtains documents or information from a party or non-party that it believes is confidential, any party may designate such information as Confidential Material pursuant to this Protective Order and it shall be treated as such in accordance with this Protective Order.

8. Any person making copies of Confidential Material must ensure that the copies adequately reflect the "Confidential" designation.

9. All non-public materials produced in this action, whether or not containing Confidential Material, shall be used by the Receiving Party solely for the purposes of prosecuting or defending this action, including appeals, and not for any other purpose, including, but not limited to, any other legal action, threatened legal action or demand, or for any business, commercial, competitive, personal, publicity, media, or other purpose. It shall be the duty of each party and each individual having notice of this Stipulation to comply with this Stipulation from the time of such notice.

10. All Confidential Material shall be maintained by the parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 11 and only pursuant to the procedures in Paragraph 12 and 13.

11. Unless otherwise ordered by the Court or agreed to by the parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material may be disclosed only to:

(a) The Court and personnel employed by it;

(b) Counsel to the parties in the above-captioned litigation (including in-house counsel) and the attorneys, legal assistants, paralegal, clerical, and other support staff who are employed by such counsel or are independent contractors of counsel and who are actually involved in assisting in the litigation;

(c) The parties to this action and directors, officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution, defense, or settlement of the action;

(d) Experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Stipulation;

(e) Any deponent or witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Stipulation;

(f) Court reporters who record depositions or other testimony in this case;

(g) Any mediator engaged or appointed in this case, and employees of such mediator who are assisting in the conduct of the mediation; and

(h) Any other person upon the written agreement of the party or nonparty who produced or disclosed the Confidential Material, or pursuant to court order.

12. No Confidential Material shall be filed in the record of this action or with the Court, unless the party seeking to file Confidential Material makes a timely request to file under seal pursuant to the Local Rules and the Individual Rules and Practices in Civil Cases for Judge Paul A. Engelmayer. (See Individual Rule 4.B)

13. Notwithstanding the preceding paragraph, to avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Material under seal. If the parties agree that Confidential Material may be publicly filed, such filing will not be a breach of this Stipulation.

14. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

(a) BNY's or its employees' or officials' use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential Material in this action that they legally have in their possession and which were not received through discovery in this action or through releases or authorizations signed by plaintiff;

(b) Plaintiff's use as permitted by law outside of this action of documents and information designated as Confidential Material in this action that he legally has in his possession and which were not received through discovery in this action; or

(c) Any Producing Party's use of its own Confidential Material.

7

15. Notwithstanding any provision set forth herein, either party may use without restriction information that is in its possession by means other than receipt of a production pursuant to this Protective Order.

16. Prior to the disclosure of any Confidential Material to a person identified in Paragraph 11(d), (e), or (g), who is not also identified in another subparagraph of Paragraph 11, counsel for the party proposing to make such disclosure shall ensure that a copy of this Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Protective Order and consent to the Court's jurisdiction for the purpose of enforcing this Protective Order in the form of the Non-Disclosure Agreement annexed hereto as Exhibit A. Notwithstanding the aforementioned requirement, a party may show Confidential Materials to a person being deposed upon the deponent's oral agreement on the record to abide by the terms of this Protective Order. Counsel of record shall retain the executed forms.

17. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Material provided that the material is designated pursuant to the procedures set forth herein.

18. Each person who has access to Confidential Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. In the event of a disclosure to an unauthorized party of information designated under this Protective Order as Confidential Material, the disclosing party shall without delay (a) notify the Producing Party of the disclosure; (b) without delay take all reasonable steps to recover

the document, material or other information, and (c) report to the Producing Party immediately upon recovery or failure to recover the Confidential Material.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21. Fed. R. Civ. P 26(b)(5)(B) shall govern the return and use of materials produced in discovery which are subject to a claim of privilege or of protection as trial preparation material and the determination of claims of privilege or protection regarding such documents.

22. The inadvertent production of privileged or work-product protected documents, information, or electronically stored information ("ESI") is not a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

23. This Protective Order does not preclude a party from raising or preserving objections to discovery and does not waive any party's right to assert attorney-client, attorney work product, or any other privilege as the action proceeds.

24. This Protective Order does not require production of documents as to which objections or privileges apply.

25. If any party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials

produced by another party and designated as Confidential Material, the party so requested shall give immediate written notice to the Producing Party of such subpoena or other notice, if permitted to do so by law. Upon receipt of such notice, the Producing Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality. Production or disclosure shall not be made before reasonable notice is given to the Producing Party, unless doing so would require the party to violate the subpoena or court order.

26. This Stipulation shall continue to be binding after the conclusion of this action. Within sixty days of the final conclusion of this action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential Material (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, they may be destroyed (as by shredding) and the destruction of all such documents (except those returned) promptly certified by the Receiving Party, who shall notify the Producing Party in writing promptly of such destruction. *However*, Counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein.

27. A non-party from whom discovery is sought by the parties may designate any document or information that the non-party discloses as Confidential Material, consistent with the terms of this Protective Order.

28. Nothing in this Protective Order shall prejudice the rights of any party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought. There are

no intended beneficiaries of this Stipulation other than the parties to this action and the Court, and no other person shall acquire any rights here under.

29. Nothing in this Stipulation shall preclude a party offering information subject to this Confidentiality Stipulation into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action.

30. This Protective Order is intended to be contractual in nature and may not be modified or changed orally. Any changes or modifications shall be effective only if made in writing executed by the parties and ordered by the Court.

31. The foregoing is without prejudice to the right of the parties to apply to the Court for a further protective order relating to any documents and/or information provided pursuant to this Protective Order.

32. This Protective Order shall become effective as to the parties upon complete execution by the counsel for the parties below. Counsel for the parties executing this Protective Order represent and warrant that they have the authority to execute this Protective Order on behalf of their client and to bind their client to the terms and conditions of this Protective Order set forth herewith.

33. The parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

34. The Court shall have the power to enforce this Protective Order and impose sanctions and penalties for its violation.

Dated: New York, New York  
July 30, 2025

VLADECK, RASKIN & CLARK, P.C.

By: /s/ *Anne L. Clark*  
Anne L. Clark  
Matthew Dorfman  
111 Broadway, Suite 1505  
New York, New York 10006  
(212) 403-7300  
*Attorneys for Plaintiff*

Dated: New York, New York  
July 30, 2025

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Melissa C. Rodriguez*  
Melissa C. Rodriguez  
Carolyn M. Corcoran  
101 Park Avenue  
New York, New York 10178  
(212) 309-6000  
*Attorneys for Defendant*

SO ORDERED.

_____  
PAUL A. ENGELMAYER  
United States District Judge

Date: July 30, 2025  
New York, New York

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JEFFREY BOCKIAN,

        Plaintiff,

    - against -

BANK OF NEW YORK MELLON CORP.,

        Defendants.

--------------------------------------------------------------X

**NONDISCLOSURE AGREEMENT**

Case No. 1:24-cv-08500-PAE

I, _____, the undersigned, hereby certify that I have read and understood the Stipulated Protective Order Concerning the Designation and Use of Confidential Materials ("Protective Order") entered in this action, and I hereby agree to abide by its terms and conditions. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Protective Order. By acknowledging these obligations under the Stipulation, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Stipulation could subject me to punishment for contempt of Court.

Dated: _____

_____
Signature

_____
Name (Printed)