

VLADECK
RASKIN
CLARK P.C.

Anne L. Clark
(212) 403-7322
aclark@vladeck.com

October 20, 2025

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York

   Re: <u>Bockian v. Bank of New York Mellon Corp.</u>, No. 1:24-cv-08500 (PAE)

Dear Judge Engelmayer:

  We represent Plaintiff Jeffrey Bockian in the above-referenced employment matter against Defendant Bank of New York Mellon Corp. ("BNY"). On May 29, 2025, Plaintiff served his discovery requests.[1] On July 14, 2025, Defendant served its responses, therein refusing to produce relevant material.[2] On August 28, 2025, Defendant informed Plaintiff that it had encountered a technical issue in its collection of ESI materials. On September 8, 2025, Plaintiff sent Defendant a letter outlining deficiencies in Defendant's responses. On September 22, 2025, Defendant replied that Plaintiff's letter was "premature given our discussion regarding ESI and Defendant's forthcoming productions, which we believe will largely address the purported issues noted." The parties met and conferred on numerous occasions, including most recently on October 9, 2025, during which the parties resolved many issues. However, several disputes remain unresolved. Accordingly, pursuant to Your Honor's Individual Rule 2.C, we submit this letter seeking resolution of the following discovery disputes.[3]

I. <u>Withholding of Documents</u>

  In almost every instance where Defendant has asserted an objection, Defendant has not stated whether documents responsive to Plaintiff's document requests are being withheld based on those objections. An objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); see also <u>Jiang v. Porter</u>, 2016 WL 3015163, at *2 (E.D. Mo. May 26, 2016) (ordering objecting party to "comply with Rule 34(b)(2)(C) and affirmatively state whether any responsive materials are being withheld"). When Plaintiff sought clarity, Defendant stated that "Defendant will not be producing documents/information beyond what was identified in its responses or agreed to conduct a reasonable ESI search for." Defendant should be required to amend its responses to state whether it is producing or withholding responsive documents.

---

[1] We attach Plaintiff's Document Requests and ESI proposals as Exhibit 1.

[2] We attach Defendant's Responses and Objections to Plaintiff's Document Requests as Exhibit 2.

[3] Plaintiff reserves all rights to raise any other concerns and objections, including those already raised in its September 8 letter, pending further meet and confers with Defendant and Defendant's production of ESI materials.

II.     ESI Searches for Comparator Information

Instead of running Plaintiff's original ESI searches (see Ex. 1), Defendant created and ran its own without seeking Plaintiff's input or objections and without providing hit counts for either set of searches.[4] See In re Allergan PLC Sec. Litig., 2020 WL 4034751, at *1 (S.D.N.Y. Mar. 30, 2020) (parties required to negotiate search terms, including providing hit counts for searches run with proposed terms). Plaintiff has agreed to some of Defendant's revisions but cannot agree to Defendant wholly eliminating Searches 8–10. (See Ex. 3) As a threshold matter, Defendant is unable to demonstrate burden without providing hit counts for Plaintiff's proposed searches. See In re Outpatient Med. Ctr., 2023 WL 4181198, at *11 (N.D. Ill. June 26, 2023) (burden objections unsubstantiated without hit counts). Moreover, as set forth below, each of these Searches seek relevant information for Plaintiff's claims. See Sanders v. SUNY Downstate, 2024 WL 4198355, at *3 (E.D.N.Y. Sept. 16, 2024) ("Once the party seeking discovery has demonstrated relevance, the burden shifts to the responding party . . . .").

Defendant attempts to justify its elimination of Searches 8–10 through its novel position that Plaintiff has no comparators. (See Answer (ECF 21) ¶ 32 ("specifically den[ying] [that] any of [McAvoy's direct reports] were similarly situated to Plaintiff")). Defendant's position is untenable. Metcalf v. Yale Univ., 2017 WL 627423, at *3 (D. Conn. Feb. 15, 2017) ("A plaintiff and potential comparators, however, need not be identical . . . ." (quoting Berube v. Great Atl. & Pac. Tea Co., Inc., 348 Fed. App'x 684, 686 (2d Cir. 2009))). Indeed, even if Defendant's position was correct (which it is not), Defendant's refusal to produce documents on which it relies for that assertion (see Ex. 2, RFP Response No. 109) would still be improper. Vuona v. Merrill Lynch & Co., 2011 WL 5553709, at *4 (S.D.N.Y. Nov. 15, 2011) ("The purpose of discovery here is, in part, to help identify the universe of proper comparators.").

A.      Search Nos. 8(a)-(c) – Plaintiff's Replacements

BNY fired Plaintiff as part of a purported reduction in force ("RIF"). (Am. Compl. (ECF 17) ¶ 37) Following his firing, Defendant "reassigned [Plaintiff's duties] to younger employees who, upon information and belief, were not suffering any serious medical issues or disabilities." (Id. ¶ 41) Defendant denies these allegations (Answer ¶ 41) but asserts that "two pre-existing, lower compensated" employees "absorbed" Plaintiff's duties.[5] (Ex. 4 at 3) "[A] plaintiff has demonstrated an inference of age discrimination and thus established a prima facie case . . . where the majority of plaintiff's responsibilities were transferred to a younger co-worker." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000); see Leibowitz v. Cornell Univ., 584 F.3d 487, 503 (2d Cir. 2009) (finding inference of discrimination where, inter alia, plaintiff's duties were primarily reassigned to male instructors); Atrope v. Ctr. for Animal Care & Control, Inc., No. 05 CIV. 9283 (KMW)(RLE), 2009 WL 874037, at *9 (S.D.N.Y. Mar. 27, 2009) ("[E]ven if an employer eliminates a plaintiff's position, the circumstances may nonetheless give rise to an inference of discrimination if the employer then reassigns the plaintiff's duties to another employee.").

---

[4] We attach the ESI searches ran by Defendant as Exhibit 3.

[5] We attach Defendant's Position Statement, dated April 26, 2024, which BNY submitted to the EEOC as Exhibit 4.

Accordingly, Defendant should run Search 8, which seeks ESI materials concerning the "two pre-existing, lower compensated" employees who "absorbed" Plaintiff's duties.

B.  Search Nos. 9(a)-(e) – Frank Vasta

In the same purported RIF in which BNY fired Plaintiff, BNY also fired Vasta, another older worker with a disability who had requested to work from home. (Am. Compl. ¶ 40) Defendant's similar treatment of others inside Plaintiff's protected classes demonstrates discriminatory motive. See Malzberg v. N.Y. Univ., 2020 WL 3618962, at *2 (S.D.N.Y. July 2, 2020) ("As a general matter, in an employment discrimination case such as this, evidence regarding similar acts is relevant to the plaintiff's claim." (citations omitted)); Ortega v. Fedcap Rehab. Servs., Inc., 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003) ("[C]omplaints of discrimination or other forms of mistreatment . . . by other [employees within plaintiff's protected class] may lead to the discovery of admissible similar act evidence." (citing Fed. R. Evid. 404(b))).

Accordingly, Defendant should run Searches 9(a)-(e), which seek ESI materials concerning Vasta, including his performance; his requests for accommodation; Defendant's decision to fire him; and Defendant's reassignment of his responsibilities.

C.  Search Nos. 10(a)-(c) – Tyler Dewhirst and Ryan Hergrueter

Defendant did not include Dewhirst or Hergrueter in its purported RIF. Dewhirst and Hergrueter both directly reported to Sarah McAvoy (Plaintiff's then-supervisor), were permitted to work from home, and were not fired in the RIF. They are both younger and non-disabled. Defendant treating employees outside of Plaintiff's protected classes better than it treated Plaintiff demonstrates discriminatory motive. Villar v. City of N.Y., 135 F. Supp. 3d 105, 121 (S.D.N.Y. 2015) ("[A] showing that an employer treated plaintiff less favorably than a similarly situated employee outside his protected group [] is a recognized method of raising an inference of discrimination . . . ." (quoting Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493 (2d Cir. 2010)).

Accordingly, Defendant should run Searches 10(a)-(c), which seek ESI materials concerning Dewhirst and Hergrueter, including their performance; their requests to work from home; and Defendant's consideration (if any) of including them in its purported RIF.

We respectfully request a conference to discuss these matters.

Respectfully Submitted,

/s/ Anne L. Clark

For the reasons stated in defendant's letter response, Dkt. 35, this motion is denied as premature. Consistent with the Court's individual rules, the parties are directed to complete the process of meeting and conferring regarding the issues raised herein before seeking the Court's intervention.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: October 27, 2025
New York, New York